HUDSON-COLE DEVELOPMENT CORPORATION, PLAINTIFF V. CHARLES G. BEEMER, ESQ., DEFENDANT AND THIRD-PARTY PLAINTIFF V. MELLOTT TRUCKING AND SUPPLY CO., INC. AND CHATHAM FINANCIAL GROUP LIMITED PARTNERSHIP, THIRD-PARTY DEFENDANTS

No. COA98-283

(Filed 16 February 1999)

1. **Appeal and Error— appealability—interlocutory order— possibility of inconsistent verdicts**

   A motion to dismiss an appeal was denied by the Court of Appeals where a third party defendant's Rule 12(b)(6) motion to dismiss was granted; the dismissal operated as a final judgment as to that cause of action; and there was the possibility of inconsistent verdicts.

2. **Fraud— negligent misrepresentation—reasonable reliance**

   A Rule 12(b)(6) dismissal was properly granted on a third-party complaint for negligent misrepresentation of a security interest where the assignment of that interest was recorded and described the partial nature of the interest and the third-party plaintiff did not allege that he was in any way prevented from learning the truth. Furthermore, his reliance on the misrepresentation in the subordination agreement was unreasonable as a matter of law in that he attached a copy of the assignment to his answer and third-party complaint and relied on its terms in defending against the original plaintiff's claims.

Appeal by defendant and third-party plaintiff from order entered 4 December 1997 by Judge F. Gordon Battle in Orange County Superior Court. Heard in the Court of Appeals 26 October 1998.

HUDSON-COLE DEV. CORP. v. BEEMER

[132 N.C. App. 341 (1999)]

*Adams Kleemeier Hagan Hannah & Fouts, A Professional Limited Liability Company, by M. Jay Devaney and David S. Pokela, for defendant and third-party plaintiff-appellant Charles G. Beemer, Esq.*

*Carruthers & Roth, P.A., by Arthur A. Vreeland, for third-party defendant-appellee Chatham Financial Group Limited Partnership.*

TIMMONS-GOODSON, Judge.

Defendant and third-party plaintiff Charles G. Beemer ("Beemer") appeals from an order dismissing his claims against third-party defendant Chatham Financial Group Limited Partnership ("Chatham") for failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. In addition, Beemer appeals from an order of the trial court refusing to certify the order of dismissal as immediately appealable under Rule 54 of the Rules of Civil Procedure. For the reasons hereinafter stated, we conclude that Beemer failed to allege facts sufficient to avoid dismissal under Rule 12(b)(6) and affirm the order of the trial court.

Hudson-Cole Development Corporation (hereinafter "Hudson-Cole") filed suit against Beemer on 10 April 1997 alleging negligence, breach of contract, breach of fiduciary duty, and malpractice in executing a subordination agreement. The claims alleged in the complaint arose out of the following facts: By agreement executed on 31 December 1985, Hudson-Cole sold Cole Park Shopping Center ("the shopping center") to Chatham. In return, Chatham executed a promissory note in the principal amount of $450,000, which was secured by deed of trust recorded 23 January 1986 in Book 490 of the Chatham County Registry. Beemer served as Hudson-Cole's attorney in the transaction and was named as the trustee on the deed of trust.

On 28 January 1988, Hudson-Cole executed an Assignment of Security Interest in Note and Deed of Trust in favor of Mellott Trucking and Supply Company ("Mellott"). This document was duly recorded in Book 522 on Page 911 of the Chatham County Registry, and it purported to transfer part of Hudson-Cole's interest in the 31 December 1985 note and deed of trust to Mellott.

On 29 April 1994, Chatham negotiated with General American Life Insurance Company ("General American") to refinance Chatham's

## HUDSON-COLE DEV. CORP. v. BEEMER

[132 N.C. App. 341 (1999)]

purchase of the shopping center. Under the terms of the new financing agreement, General American would loan Chatham the amount of $1,900,000 in return for a secured interest in the shopping center. As a condition of the loan, Chatham needed to obtain an agreement by Hudson-Cole to subordinate its priority security interest in the shopping center in favor of General American's interest. Chatham's attorney drafted a proposed subordination agreement and, without notifying Hudson-Cole, General American, Mellott and Chatham solicited Beemer to execute the agreement on behalf of Hudson-Cole. Without first obtaining authorization from Hudson-Cole, Beemer executed the subordination agreement giving General American a priority security interest in the shopping center.

In response to Hudson-Cole's complaint, Beemer filed an answer and third-party complaint naming Mellott and Chatham as third-party defendants. Beemer's third-party complaint alleges that if he is liable to Hudson-Cole for executing the subordination agreement, Mellott and Chatham are liable to him under Rule 14 of the Rules of Civil Procedure. As the basis for his claims, Beemer maintains that Mellott and Chatham induced him to execute the agreement by falsely representing that Mellott was the "holder and sole lawfull [sic] owner" of the $450,000 promissory note and deed of trust dated 31 December 1985.

In their answers, Mellott and Chatham moved to dismiss the third-party complaint pursuant to Rule 12(b)(6) of the Rules of Civil Procedure. The trial court heard the motions and entered an order on 4 December 1997 dismissing Beemer's claims against Chatham. By motion to amend, Beemer requested that the trial court certify the 4 December 1997 order as a "final judgment" under Rule 54(b) of the Rules of Civil Procedure and determine that there is no just reason for delaying appellate review of the order. The trial court denied the motion, and Beemer appeals.

[1] On appeal, Beemer first assigns as error the trial court's failure to certify the 4 December 1997 order as a final judgment under Rule 54(b) of our Civil Procedure Rules. Beemer contends that the order dismissing the claims against Chatham, although interlocutory, is subject to immediate appeal, because a substantial right will be lost if the present appeal is not allowed. It is Beemer's position that the substantial right affected by the challenged order is the right to "have all claims arising from the same series of transactions resolved in

one proceeding." Chatham, on the other hand, contends that the 4 December 1997 order does not affect a substantial right and, thus, moves to dismiss this appeal as premature. We will address Beemer's assignment of error and Chatham's motion simultaneously.

Where, as here, an order entered by the trial court does not dispose of the entire controversy between all parties, it is interlocutory. *Abe v. Westview Capital*, 130 N.C. App. 332, 502 S.E.2d 879 (1998). As a general rule, a party is not entitled to immediately appeal an interlocutory order. *Id.* However, there are two situations in which an appeal of right lies from an order that is interlocutory. *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994). The first situation is where the order represents a " 'final judgment as to one or more but fewer than all of the claims or parties' and the trial court certifies in the judgment that there is no just reason to delay the appeal." *Id.* (quoting N.C.R. Civ. P. 54(b)). Secondly, a party may appeal an interlocutory order where delaying the appeal will irreparably impair a substantial right of the party. *Abe*, 130 N.C. App. at 334, 502 S.E.2d at 881.

Rule 54(b) of our Rules of Civil Procedure provides that in an action involving multiple parties, the trial court may, in its discretion, enter a final judgment as to fewer than all of the parties. *Hoots v. Pryor*, 106 N.C. App. 397, 417 S.E.2d 269 (1992). "Such a judgment, though interlocutory for appeal purposes, shall then be subject to review if the trial judge certifies that there is no just reason for delay." *Id.* at 401, 417 S.E.2d at 272. In the instant case, the order allowing Chatham's Rule 12(b)(6) motion to dismiss operates as a final judgment regarding the cause of action against Chatham. Because the trial court declined to certify the order under Rule 54(b), Beemer's right to an immediate appeal, if one exists, depends on whether the order affects a substantial right.

As previously stated, Beemer contends that the order in question prejudices his right to "have all claims arising from the same series of transactions resolved in one proceeding." However, this Court, in *J & B Slurry Seal Co. v. Mid-South Aviation, Inc.*, 88 N.C. App. 1, 362 S.E.2d 812 (1987), held that "simply having all claims determined in one proceeding is not a substantial right." *Id.* at 7, 362 S.E.2d at 816. Avoiding separate trials of different issues does not qualify as a substantial right, but preventing separate trials of the same factual issues does constitute a substantial right. *Id.* The rationale behind this rule is as follows:

[W]hen common fact issues overlap the claim appealed and any remaining claims, delaying the appeal until all claims have been adjudicated creates the possibility the appellant will undergo a second trial of the same fact issues if the appeal is eventually successful. This possibility in turn "creat[es] the possibility that a party will be prejudiced by different juries in separate trials rendering inconsistent verdicts on the same factual issue."

*Davidson v. Knauff Ins. Agency*, 93 N.C. App. 20, 25, 376 S.E.2d 488, 491 (1989) (quoting *Green v. Duke Power Co.*, 305 N.C. 603, 608, 290 S.E.2d 593, 596 (1982)).

Applying the above principles to the facts of the case *sub judice*, we conclude that the present appeal is properly before us on the grounds that delaying the appeal will prejudice Beemer's substantial right to have the same factual issues tried before a single jury. Beemer's third-party claims assert that Mellott and Chatham fraudulently and/or through negligent misrepresentation induced him to execute the subordination agreement about which Hudson-Cole complains of Beemer. In defense of these claims, Mellott and Chatham both allege that Beemer was contributorily negligent in executing the agreement. If Beemer is not permitted immediate review of the order dismissing his claims against Chatham, he may ultimately face a second trial on the issue of whether he too acted negligently in executing the subordination agreement. Due to the possibility of inconsistent verdicts should this case be tried in two separate proceedings, we hold that Beemer's appeal of the order in question is not premature and deny Chatham's motion to dismiss the appeal.

**[2]** Turning now to the merits of Beemer's appeal, we consider whether the trial court properly allowed the Rule 12(b)(6) motion to dismiss Beemer's third-party complaint as against Chatham. Under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure, a cause of action should be dismissed where the complaint fails to state a claim upon which relief may be granted. N.C.R. Civ. P. 12(b)(6). "[A] Rule 12(b)(6) motion tests the legal sufficiency of the pleading against which it is directed." *Derwort v. Polk County*, 129 N.C. App. 789, 791, 501 S.E.2d 379, 380-81 (1998). In deciding a motion to dismiss under Rule 12(b)(6), the trial court must accept the allegations of the complaint as true. *Miller v. Henderson*, 71 N.C. App. 366, 322 S.E.2d 594 (1984). "[W]hen the factual allegations [of a complaint] fail as a matter of law to state the substantive elements of some legally recognized claim," a Rule 12(b)(6) motion is properly allowed.

*Derwort,* 129 N.C. App. at 791, 501 S.E.2d at 381. Similarly, where the complaint alleges facts that defeat the claim, the claim should be dismissed. *Raritan River Steel Co. v. Cherry, Bekaert & Holland,* 322 N.C. 200, 367 S.E.2d 609 (1988).

As noted above, the third-party complaint alleges that Chatham committed fraud and negligent misrepresentation in obtaining Beemer's signature executing the subordination agreement on behalf of Hudson-Cole.

> The essential elements of actionable fraud are as follows: (1) material misrepresentation of a past or existing fact; (2) the representation must be definite and specific; (3) made with knowledge of its falsity or in culpable ignorance of its truth; (4) that the misrepresentation was made with intention that it should be acted upon; (5) that the recipient of the misrepresentation reasonably relied upon it and acted upon it; and (6) that there resulted in damage to the injured party.

*Rosenthal v. Perkins,* 42 N.C. App. 449, 451-52, 257 S.E.2d 63, 65 (1979). "The tort of negligent misrepresentation occurs when a party justifiably relies to his detriment on information prepared without reasonable care by one who owed the relying party a duty of care." *Raritan,* 322 N.C. at 206, 367 S.E.2d at 612. As to either tort, however, when the party relying on the false or misleading representation could have discovered the truth upon inquiry, the complaint must allege that he was denied the opportunity to investigate or that he could not have learned the true facts by exercise of reasonable diligence. *Rosenthal,* 42 N.C. App. 449, 257 S.E.2d 63. Moreover, where the facts are insufficient as a matter of law to constitute reasonable reliance on the part of the complaining party, the complaint is properly dismissed under Rule 12(b)(6). *Spartan Leasing v. Pollard,* 101 N.C. App. 450, 400 S.E.2d 476 (1991).

In the present case, Beemer contends that Chatham, whose counsel prepared the subordination agreement, *intentionally* concealed or failed to disclose the falsity of the representation in the agreement that Mellott was the "holder and sole lawfull [sic] owner" of the $450,000 promissory note and deed of trust dated 31 December 1985. However, the "Assignment of Security Interest in Note and Deed of Trust," which was recorded 22 January 1986 with the Chatham County Register of Deeds in Deed Book 490, Page 120, accurately describes the partial nature of the interest held by Mellott as a result of the assignment. Beemer does not allege that he was in any way

prevented from learning the truth about Mellott's interest. Furthermore, given that he attached a copy of the Assignment to his answer and third-party complaint and relied on its terms in defending against Hudson-Cole's claims, we hold that Beemer's reliance on the misrepresentation in the subordination agreement was unreasonable as a matter of law. The trial court, therefore, properly dismissed Beemer's claims against Chatham under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure.

For the foregoing reasons, we affirm the order of the trial court dismissing the third-party complaint as against Chatham.

Affirmed.

Chief Judge EAGLES and Judge SMITH concur.