OBERLIN CAPITAL, L.P., PLAINTIFF v. EDWARD W. SLAVIN, INDIVIDUALLY, BETTINA K. SLAVIN, INDIVIDUALLY, JOSEPH J. FINN-EGAN, INDIVIDUALLY, JEFFREY A. LIPKIN, INDIVIDUALLY, DEFENDANTS

No. COA00-1111

(Filed 6 November 2001)

**1. Corporations— directors—liability to third parties**

The trial court properly dismissed claims against defendants Bettina Slavin, Finn-Egan, and Lipkin arising from the failure to disclose information prior to entering a loan agreement where all of the allegations against these defendants were made collectively and solely in their capacity as directors but did not allege sufficient facts of individual participation.

**2. Fraud— fraudulent concealment and negligent misrepresentation—loan—opportunity to discover facts**

The trial court did not err by granting a Rule 12(b)(6) dismissal of a negligent misrepresentation claim and should have dismissed a fraudulent concealment claim against a corporate director arising from a loan transaction where the complaint failed to allege that plaintiff was denied the opportunity to investigate or that plaintiff could not have learned the true facts by the exercise of reasonable diligence, even though the allegations of this director's personal participation in the alleged wrong were sufficient to allow him to be held directly liable to third parties and to establish a duty to act sufficient for negligence and negligent misrepresentation.

---

**OBERLIN CAPITAL, L.P. v. SLAVIN**

[147 N.C. App. 52 (2001)]

3.  **Civil Procedure— Rule 12(b)(6) motion—consideration of loan agreement—referred to in complaint**

    The trial court did not err by reviewing a loan agreement when ruling on Rule 12(b)(6) motions where the loan agreement was the subject of the complaint and was specifically referred to in the complaint. A trial court's consideration of a contract which is the subject matter of an action does not expand the scope of a Rule 12(b)(6) hearing and does not create justifiable surprise in the nonmoving party.

4.  **Negligence— loan transaction—opportunity to investigate**

    The trial court did not err by granting a Rule 12(b)(6) dismissal of a negligence claim arising from a loan transaction where plaintiff failed to allege that it was denied the opportunity to investigate or that it could not have learned the true facts by the exercise of reasonable diligence and the loan agreement referred to plaintiff's experience and investigation of the company receiving the loan.

5.  **Fiduciary Relationship— loan transaction—corporate director—fiduciary relationship not alleged**

    The trial court did not err by granting a Rule 12(b)(6) dismissal of a claim for breach of fiduciary duty against a corporate president and director arising from a loan agreement where the complaint did not sufficiently allege a special confidence reposed in the director by plaintiff or the existence of a fiduciary relationship between the parties. Plaintiff did not allege that the loan agreement occurred during a winding up or dissolution of the company and, while the loan agreement gave plaintiff the contractual right to purchase stock in the company at some future date, plaintiff was not a shareholder in the absence of the exercise of that right.

6.  **Unfair Trade Practices— corporate loan—not in or affecting commerce**

    The trial court did not err by granting a Rule 12(b)(6) dismissal of an unfair and deceptive trade practices claim arising from a corporate loan agreement where the complaint stated that the purpose of the agreement was to acquire "working capital." Capital raising devices are not in or affecting commerce and are not subject to N.C.G.S. § 75-1.1.

OBERLIN CAPITAL, L.P. v. SLAVIN

[147 N.C. App. 52 (2001)]

Appeal by plaintiff from order and opinion entered 28 April 2000 by Judge Ben F. Tennille in Wake County Superior Court. Heard in the Court of Appeals 20 August 2001.

*Franch Jarashow, Burgmeier & Smith, P.A., by Frank T. Laznovsky, and Smith Debnam Narron Wyche Story & Myers, L.L.P., by Kevin L. Sink, for the plaintiff-appellant.*

*Bode, Call & Stroupe, L.L.P., by Odes L. Stroupe, Jr. and Christie M. Foppiano, and Roseman & Colin, L.L.P., by Richard L. Farley, for the defendant-appellees.*

EAGLES, Chief Judge.

Oberlin Capital, L.P. ("Oberlin") appeals from the trial court's order granting the motions to dismiss of defendants Bettina Slavin, Joseph Finn-Egan, and Jeffrey Lipkin in their entirety and the motion to dismiss of defendant Edward Slavin in part. After a careful review of the record, briefs, and arguments of counsel, we affirm the trial court's dismissal of all claims against defendants Bettina Slavin, Joseph Finn-Egan, and Jeffrey Lipkin; however, as to claims against defendant Edward Slavin, we affirm the trial court in part and reverse in part with the result that all claims against Edward Slavin must be dismissed.

Oberlin's complaint alleges the following facts: Oberlin (creditor) was licensed by the Small Business Administration as a Small Business Investment Company engaged in the business of making subordinated loans to small businesses. Express Parts Warehouse, Inc. ("Express Parts") (debtor) was a North Carolina corporation engaged in the business of selling automotive parts. Defendants Edward Slavin, Bettina Slavin, Finn-Egan, and Lipkin comprised the entire board of directors of Express Parts (defendant Edward Slavin also served as President). In July 1997, Oberlin and Express Parts began negotiations for a loan to provide "working capital" to meet Express Parts' "short term cash flow problem." Negotiations on behalf of Express Parts were conducted exclusively by Edward Slavin, who had the full authorization of the board of directors. On 27 August 1997, Oberlin and Express Parts entered into a loan and security agreement ("loan agreement"), whereby Oberlin agreed to loan Express Parts $1,500,000.00 and Express Parts agreed to give Oberlin the right to purchase stock in the corporation in the future. Each defendant subsequently signed a document entitled "Consent of Directors Action Without Meeting of Express

**OBERLIN CAPITAL, L.P. v. SLAVIN**

[147 N.C. App. 52 (2001)]

Parts" ("Consent document") acknowledging their ratification of the agreement.

Prior to entering into the loan agreement, Express Parts purchased assets from another corporation's Chapter 11 bankruptcy estate sale and increased the number of its operating locations from nine to seventy-one. Express Parts purchased these assets only after reaching an agreement with Echlin/Raybestos ("Echlin"), a supplier, in which Echlin agreed to accept parts obtained in the asset purchase and provide a like amount of new parts for sale in Express Parts' expanded locations. Approximately two months before the loan agreement between Oberlin and Express Parts was completed, Echlin breached its agreement with Express Parts. This breach had a material negative impact on Express Parts' financial condition. Oberlin was aware of the Echlin agreement, but not the breach. Conversely, Express Parts was aware of the Echlin agreement and its breach before finalizing the deal with Oberlin, but defendants failed to disclose to Oberlin the information regarding the breach. Ultimately, in January 1998, Express Parts filed a voluntary petition for Chapter 11 bankruptcy reorganization in the United States Bankruptcy Court.

On 29 March 1999, Oberlin filed suit against each defendant individually alleging that they were personally liable for Oberlin's losses incurred in connection with the loan agreement. Oberlin asserted claims against defendants in their individual capacities for fraudulent concealment, negligence, negligent misrepresentation, breach of fiduciary duty, unfair and deceptive trade practices, and punitive damages. Upon motion by defendants, Chief Justice Henry E. Frye designated this case a complex business case and assigned it to the Honorable Ben F. Tennille, Special Superior Court Judge for Complex Business Cases.

Defendants filed motions to dismiss Oberlin's claims pursuant to Rule 12(b)(6) for failure to state a claim. After a hearing on the motions, Judge Tennille entered an order and opinion (1) dismissing all six of Oberlin's claims against Bettina Slavin, Finn-Egan, and Lipkin, (2) dismissing Oberlin's claims for negligence, negligent misrepresentation, breach of fiduciary duty, and unfair and deceptive trade practices against Edward Slavin, (3) denying defendants' motion to dismiss Oberlin's claim for fraudulent concealment against Edward Slavin, and (4) striking from Oberlin's complaint its claim for punitive damages against Edward Slavin but allowing amendment within thirty days for a proper claim. In a separate order, Judge

Tennille certified this matter pursuant to Rule 54 for immediate appeal. Oberlin appeals.

The issue on appeal is whether the trial court erred in granting defendants Bettina Slavin, Finn-Egan, and Lipkin's motions to dismiss in their entirety and Edward Slavin's motion to dismiss in part. Viewing the complaint's allegations in the light most favorable to Oberlin, we affirm the trial court's dismissal of all of Oberlin's claims against Bettina Slavin, Finn-Egan, and Lipkin. However, as against Edward Slavin, we (1) affirm the dismissal of the claims for negligence, negligent misrepresentation, breach of fiduciary duty, and unfair and deceptive trade practices, (2) reverse the denial of the motion to dismiss as to fraudulent concealment, and (3) reverse the trial court's order regarding the punitive damages claim.

The essential question on a motion under Rule 12(b)(6) "is whether the complaint, when liberally construed, states a claim upon which relief can be granted on *any* theory." *Barnaby v. Boardman*, 70 N.C. App. 299, 302, 318 S.E.2d 907, 909 (1984), *rev'd on other grounds,* 313 N.C. 565, 330 S.E.2d 600 (1985) (emphasis in original). The trial court must treat the allegations in the complaint as true, *see Hyde v. Abbott Laboratories*, 123 N.C. App. 572, 575, 473 S.E.2d 680, 682 (1996), but the court is not required to accept as true any conclusions of law or unwarranted deductions of fact. *See Sutton v. Duke*, 277 N.C. 94, 98, 176 S.E.2d 161, 163 (1970). When the complaint fails to allege the substantive elements of some legally cognizable claim, or where it alleges facts which defeat any claim, the complaint must be dismissed. *See Hudson-Cole Dev. Corp. v. Beemer*, 132 N.C. App. 341, 345-46, 511 S.E.2d 309, 312 (1999).

We note at the outset that the case before us does not include a claim for breach of contract. Five of Oberlin's claims asserted against defendants arise in tort, and one is an unfair and deceptive trade practices claim. In the absence of a claim for breach of contract, this Court is limited to a review of the trial court's disposition of these torts and unfair and deceptive trade practices claims and nothing more.

[1] Generally, the duties of a corporation's directors are provided by G.S. § 55-8-30. These duties include a duty to act in good faith, "[w]ith the care an ordinarily prudent person in a like position would exercise under similar circumstances," and "[i]n a manner he reasonably believes to be in the best interests of the corporation." G.S. § 55-8-30(a). Directors "may be held personally liable for gross

neglect of their duties, mismanagement, fraud and deceit resulting in loss to a third person, but not for errors of judgment made in good faith." *Milling Co., Inc. v. Sutton*, 9 N.C. App. 181, 184, 175 S.E.2d 746, 748 (1970).

The general rule is that "a director, officer, or agent of a corporation is not, merely by virtue of his office, liable for the torts of the corporation or of other directors, officers, or agents." *Records v. Tape Corp.*, 19 N.C. App. 207, 215, 198 S.E.2d 452, 457 (1973) (quoting 19 C.J.S., Corporations, § 845, pp. 271-72). Ordinarily, "[t]he duties and liabilities of directors . . . run directly to the corporation and indirectly to its shareholders; they do not run to third parties, such as creditors." Russell M. Robinson, II, *Robinson on North Carolina Corporation Law* § 14.08 (6th ed. 2000). One exception to this general rule is that "[a] director or other corporate agent can, of course, be held directly liable to an injured third party for a tort personally committed by the director or one in which he participated." Russell M. Robinson, II, *Robinson on North Carolina Corporation Law* § 14.08(a); *see also Knitting Mills Co. v. Earle*, 237 N.C. 97, 104, 74 S.E.2d 351, 356 (1953); *Records*, 19 N.C. App. at 215, 198 S.E.2d at 457.

Here, Oberlin failed to allege sufficiently any wrongful action on the part of defendants Bettina Slavin, Finn-Egan, and Lipkin. Every allegation made against these three defendants is made against them collectively and solely in their capacity as directors. The complaint simply alleges in a conclusory manner that "all of the directors of Express Parts" were kept fully apprised and informed by Edward Slavin of the facts surrounding the loan agreement and the Echlin breach. Additionally, the complaint alleges in several places that "all of the directors of Express Parts actively and personally participated in the decision to conceal, fail to disclose and otherwise hide" the facts regarding the Echlin breach. However, the complaint does not clarify how and to what extent these defendants actively and personally participated in the alleged wrongdoing.

"[W]hen the complaint on its face reveals the absence of fact sufficient to make a good claim," dismissal of the claim pursuant to Rule 12(b)(6) is properly granted. *Jackson v. Bumgardner*, 318 N.C. 172, 175, 347 S.E.2d 743, 745 (1986). Having failed to allege sufficient facts of individual participation in any wrongdoing by defendants Bettina Slavin, Finn-Egan, and Lipkin, the facts alleged were insufficient to state a cause of action in tort against these defendants. Accordingly,

the trial court properly dismissed all of Oberlin's claims against Bettina Slavin, Finn-Egan, and Lipkin.

[2] We next address Oberlin's claims as asserted against Edward Slavin individually. Unlike the allegations regarding defendants Bettina Slavin, Finn-Egan, and Lipkin, Oberlin's complaint attributes specific individual actions to Edward Slavin. In fact, the complaint alleges that Edward Slavin was actively involved with Oberlin in the negotiations for the loan agreement; he signed the loan agreement; he was aware of the Echlin breach; he was aware of the material nature of the breach; and he failed to disclose information about the breach to Oberlin. Viewing the allegations in the light most favorable to Oberlin, we conclude that the complaint sufficiently alleges Edward Slavin's personal participation in the alleged wrong. As a result, these allegations are sufficient to fit this case into the exception which allows directors and other corporate agents to be held directly liable to injured third parties for torts that they personally committed. *See* Russell M. Robinson, II, *Robinson on North Carolina Corporation Law* § 14.08(a); *see also Knitting Mills Co.*, 237 N.C. 97, 74 S.E.2d 351 (recognizing a cause of action against a corporation's directors brought by a creditor for the fraudulent misrepresentation of the corporation's financial condition). Again, we note that Oberlin did not assert a breach of contract claim against defendants.

Here, Oberlin's claims for fraudulent concealment, negligence, and negligent misrepresentation are all premised on a duty allegedly owed by Edward Slavin to Oberlin. "A cause of action for fraud is based on an affirmative misrepresentation of a material fact, or a failure to disclose a material fact relating to a transaction which the parties had a *duty* to disclose." *Harton v. Harton*, 81 N.C. App. 295, 297, 344 S.E.2d 117, 119 (1986) (emphasis added) (citations omitted). "Negligence is the failure to exercise proper care in the performance of a legal *duty* which the defendant owed the plaintiff under the circumstances surrounding them." *Moore v. Moore*, 268 N.C. 110, 112, 150 S.E.2d 75, 77 (1966) (emphasis added). "The tort of negligent misrepresentation occurs when a party justifiably relies to his detriment on information prepared without reasonable care by one who owed the relying party a *duty* of care." *Raritan River Steel Co. v. Cherry, Bekaert & Holland*, 322 N.C. 200, 206, 367 S.E.2d 609, 612 (1988) (emphasis added).

The trial court concluded that the complaint's allegations established a duty to disclose owed by Edward Slavin sufficient to state a

cause of action for fraudulent concealment. Yet, the court also concluded that the same allegations did not establish a duty owed by Edward Slavin sufficient to support claims for negligence and negligent misrepresentation. "A duty is defined as an 'obligation, recognized by the law, requiring the person to conform to a certain standard of conduct, for the protection of others against unreasonable risks.' " *Davis v. N.C. Dept. of Human Resources*, 121 N.C. App. 105, 112, 465 S.E.2d 2, 6 (1995) (quoting W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 30, at 164 (5th ed. 1984)). A person's "obligation or duty to act may flow from explicit requirements, *i.e.*, statutory or contractual, or may be implied from attendant circumstances." *In re Huyck Corp. v. Mangum, Inc.*, 309 N.C. 788, 793, 309 S.E.2d 183, 187 (1983) (emphasis in original).

Here, the loan agreement provided:

> [Express Parts] has fully advised [Oberlin] of all material matters involving [Express Parts'] financial condition, operations, properties or industry that management of [Express Parts] reasonably expects might have a materially adverse effect on [Express Parts]. No representation or warranty given as of the date hereof by [Express Parts] contained in this Agreement . . . or any statement in any document . . . taken as a whole, contains or will . . . contain any untrue statement of a material fact, or omits or will . . . omit to state any material fact that is necessary in order to make the statements contained therein not misleading.

Edward Slavin's duty to act flowed from the language of this agreement. Additionally, the attendant circumstances, Edward Slavin's personal participation in the loan negotiations and his signing the loan agreement, imposed a duty to act upon him. The trial court's conclusion that the complaint's allegations failed to establish a duty owed by Edward Slavin sufficient to state claims for negligence and negligent misrepresentation was error.

Nevertheless, this error was harmless because the trial court had alternative grounds for dismissal. As to Oberlin's claims for fraudulent concealment and negligent misrepresentation, in dealing with either tort, "when the party relying on the false or misleading representation could have discovered the truth upon inquiry, the complaint must allege that he was denied the opportunity to investigate or that he could not have learned the true facts by exercise of reasonable diligence." *Hudson-Cole*, 132 N.C. App. 341, 346, 511 S.E.2d 309, 313.

Here, Oberlin could have discovered the facts regarding the Echlin breach upon reasonably adequate inquiry. Further, Oberlin's complaint does not allege that it was denied the opportunity to investigate or that it could not have learned the true facts by exercise of reasonable diligence. In fact, the loan agreement states the contrary:

> [Oberlin] has substantial experience in evaluating and investing in private placement transactions of securities in companies similar to [Express Parts] so that [Oberlin] is capable of evaluating the merits and risks of its investment in [Express Parts] and has the capacity to protect its own interests . . . .
>
> . . . .
>
> [Oberlin] has had an opportunity to discuss [Express Parts'] business, management and financial affairs with [Express Parts'] management and the opportunity to review [Express Parts'] facilities. [Oberlin] has also had an opportunity to ask questions of officers of [Express Parts], which were answered to its satisfaction . . . .

Because the complaint fails to allege that Oberlin was denied the opportunity to investigate or that Oberlin could not have learned the true facts by exercise of reasonable diligence, the complaint fails to state causes of action for fraudulent concealment and negligent misrepresentation. Accordingly, we affirm the trial court's dismissal of the negligent misrepresentation claim, but we reverse the denial of the motion to dismiss as to fraudulent concealment and dismiss that claim also.

[3] We acknowledge Oberlin's argument that the trial court improperly reviewed the loan agreement submitted by defendants when ruling on their Rule 12(b)(6) motions. Nevertheless, this Court has stated that a trial court's consideration of a contract which is the subject matter of an action does not expand the scope of a Rule 12(b)(6) hearing and does not create justifiable surprise in the nonmoving party. See Coley v. Bank, 41 N.C. App. 121, 126, 254 S.E.2d 217, 220 (1979). This Court has further held that when ruling on a Rule 12(b)(6) motion, a court may properly consider documents which are the subject of a plaintiff's complaint and to which the complaint specifically refers even though they are presented by the defendant. See Robertson v. Boyd, 88 N.C. App. 437, 441, 363 S.E.2d 672, 675 (1988). Here, the loan agreement is the subject of Oberlin's complaint

and is specifically referred to in the complaint. Therefore, the trial court did not err in reviewing the loan agreement when ruling on the Rule 12(b)(6) motions.

**[4]** Turning to Oberlin's negligence claim, we reiterate that "[a] complaint may be dismissed pursuant to Rule 12(b)(6) if no law exists to support the claim made, if sufficient facts to make out a good claim are absent, or if facts are disclosed which will necessarily defeat the claim." *Burgess v. Your House of Raleigh*, 326 N.C. 205, 209, 388 S.E.2d 134, 136 (1990). Here, too, Oberlin's failure to allege that it was denied the opportunity to investigate or that it could not have learned the true facts by exercise of reasonable diligence, in addition to the language of the loan agreement referring to Oberlin's experience and investigation of Express Parts, defeat its claim. As facts were disclosed that necessarily defeat Oberlin's claim, the trial court did not err in dismissing the claim for negligence.

**[5]** Next, we address Oberlin's breach of fiduciary duty claim asserted against Edward Slavin. A fiduciary duty " 'exists in all cases where there has been a special confidence reposed in one who in equity and good conscience is bound to act in good faith and with due regard to the interests of the one reposing confidence.' " *Stone v. McClam*, 42 N.C. App. 393, 401, 257 S.E.2d 78, 83 (1979) (quoting *Abbitt v. Gregory*, 201 N.C. 577, 598, 160 S.E. 896, 906 (1931)). "As a general rule, directors of a corporation do not owe a fiduciary duty to creditors of the corporation. *See* [G.S.] § 55-8-30, North Carolina Commentary (expressing the opinion that 'in general no such duty exists')." *Whitley v. Carolina Clinic, Inc.*, 118 N.C. App. 523, 526, 455 S.E.2d 896, 899 (1995). However, a corporate director can breach a fiduciary duty to a creditor if "the transaction at issue [] occur[s] under circumstances amounting to a 'winding-up' or dissolution of the corporation." *Id.* at 528, 455 S.E.2d at 900.

Here, because Oberlin failed to allege that the loan agreement occurred during a "winding up" or dissolution of Express Parts, Oberlin may not avail itself of this exception. Nevertheless, Oberlin contends that its right as a future shareholder, expressed in the loan agreement as the right to purchase stock in Express Parts in the future, created a fiduciary duty here. We are not persuaded. The loan agreement merely gave Oberlin the contractual right to purchase stock in Express Parts at some future date. In the absence of Oberlin actually exercising this right, Oberlin was not a shareholder of Express Parts and no fiduciary duty existed. Simply stated, the complaint does not allege sufficient facts of a special confidence reposed

in Edward Slavin by Oberlin or the existence of a fiduciary relationship between the parties. Consequently, the trial court did not err in dismissing the breach of fiduciary duty claim against Edward Slavin.

**[6]** We next turn to Oberlin's unfair and deceptive trade practices claim asserted against Edward Slavin. To state a *prima facie* claim for unfair and deceptive trade practices under G.S. § 75-1.1, the plaintiff must show: (1) the defendant committed an unfair or deceptive act or practice, (2) the action in question was in or affecting commerce, and (3) the act proximately caused injury to the plaintiff. *See Pleasant Valley Promenade v. Lechmere, Inc.*, 120 N.C. App. 650, 664, 464 S.E.2d 47, 58 (1995). "Before a practice can be declared unfair or deceptive, it must first be determined that the practice or conduct which is complained of takes place within the context of [§ 75-1.1's] language pertaining to trade or commerce." *Johnson v. Insurance Co.*, 300 N.C. 247, 261, 266 S.E.2d 610, 620 (1980), *overruled on other grounds, Myers & Chapman, Inc. v. Thomas G. Evans, Inc.*, 323 N.C. 559, 374 S.E.2d 385 (1988).

Here, the complaint states that the purpose of the loan agreement was to acquire " 'working capital' from Oberlin to meet what Express Parts represented to Oberlin was a 'short term cash flow problem.' " Capital-raising devices, like corporate securities and revolving fund certificates, are not " 'in or affecting commerce' and are not subject to [§ 75-1.1]." *HAJMM Co. v. House of Raeford Farms*, 328 N.C. 578, 594-95, 403 S.E.2d 483, 493 (1991). Because the loan agreement at issue here, which also granted Oberlin the right to purchase stock in Express Parts in the future, was primarily a capital-raising device, it was not "in or affecting commerce" for purposes of Chapter 75. Accordingly, the trial court did not err in dismissing the claim for unfair and deceptive trade practices.

Finally, as to Oberlin's punitive damages claim, since there are no surviving claims against Edward Slavin, the punitive damages claim must also be dismissed.

In sum, we affirm the trial court's dismissal of Oberlin's claims against defendants Bettina Slavin, Finn-Egan, and Lipkin. As to defendant Edward Slavin, we affirm in part and reverse in part thus dismissing all claims against him also.

Affirmed as to Bettina Slavin, Joseph Finn-Egan, and Jeffrey Lipkin.

Affirmed in part and reversed in part as to Edward Slavin.

Judges TIMMONS-GOODSON and THOMAS concur.