MARTIN, Chief Judge.
Defendants Vicky Gordon Martin and Danny R. Gordon appeal from a judgment granting plaintiff Little River Soil Farm an easement across their real property.
Plaintiff filed a declaratory judgment action seeking definition of the scope and location of an access easement it held across four parcels of real property. After hearing evidence, the trial court entered judgment finding facts and concluding plaintiffdid have an access easement by prescription. The judgment determined that the easement was generally located where plaintiff's evidence placed it, and that the right of way was approximately 30 feet wide. The judgment continued: "The Court appoints Williams-Pearce, Professional Land Surveyors, to survey the boundaries of the Access Easement as located and defined by this Judgment and to submit a map of the survey, in such form as may be filed for recordation in the Wake County Register of Deeds Office, for review and approval of this Court." Defendants Martin and Gordon appealed, while the other landowners whose property is encumbered by this easement have not appealed or otherwise contested the trial court's order in this matter.
The dispositive issue in this appeal is whether defendants' appeal from the judgment was premature. "Where, as here, an order entered by the trial court does not dispose of the entire controversy between all parties, it is interlocutory." Hudson-Cole Dev. Corp. v. Beemer, 132 N.C. App. 341, 344, 511 S.E.2d 309, 311 (1999)(citation omitted). The trial court did not certify this judgment as being immediately appealable according to Rule 54(b), see N.C. Gen. Stat. § 1A-1, Rule 54(b), nor did defendants argue that the judgment affected any of their substantial rights. The appellant bears the burden of demonstrating that an interlocutory order is immediately appealable. See Jeffreys v. Raleigh Oaks Joint Venture, 115 N.C. App. 377, 444 S.E.2d 252 (1994). The judgment here determined only the existence and the size of the easement at issue, but left the location of the easement upon theground to be decided at a later time. Because the judgment does not dispose of the entire controversy, and appellants have failed to state grounds justifying immediate appellate review of this interlocutory order, the appeal is dismissed.
Appeal dismissed.
Judges TIMMONS-GOODSON and HUNTER concur.
Report per Rule 30(e).