THORNBURG, Judge.
 

 On 21 September 1999, a jury returned a verdict against Rickey E. Joyce ("plaintiff") in the case of
 
 Lillie Mae Joyce v. Rickey E. Joyce and Sylvia B. McKinney
 
 (99 CVD 71). The jury found that Lillie Mae Joyce ("movant") lacked sufficient mental capacity to execute a deed to certain real property to plaintiff, that plaintiff had caused severe emotional distress to movant and awarded movant $60,000 in compensatory and punitive damages.
 

 On 18 October 1999, plaintiff hired R. Michael Bruce ("defendant") to represent him in appealing the judgment and paid defendant a retainer of $10,000. Defendant filed notice of appealand ordered a transcript of plaintiff's case. However, defendant failed to serve a proposed record on appeal and plaintiff's appeal was dismissed. Subsequent petitions for writ of certiorari were denied by this Court.
 

 On 3 January 2003, plaintiff filed this
 
 pro se
 
 action alleging that defendant was professionally negligent, committed a breach of contract and had defrauded plaintiff by failing to prosecute his appeal. On 31 July 2003, movant filed a "Motion for Monetary Award, Judgment, or Settlement Proceeds to Be Applied to Satisfy Judgment Entered Against Plaintiff in Case No. 99 CVD 71." Essentially, movant sought to have any proceeds of plaintiff's case against defendant be paid to her and applied toward her judgment against plaintiff. On 11 August 2003, the trial court entered an order ruling that the proceeds of any judgment or settlement obtained by plaintiff against defendant be paid to the Clerk of Court for the benefit of the movant and be applied towards her judgment against plaintiff. Plaintiff appeals.
 

 The threshold issue to consider in this case is whether plaintiff's appeal is premature and therefore, not properly before the Court. Plaintiff appeals from an order providing that the proceeds of any judgment or settlement against defendant be applied towards movant's judgment against plaintiff. The plaintiff's action against defendant continues. This Court has stated:
 

 Where, as here, an order entered by the trial court does not dispose of the entire controversy between
 
 all
 
 parties, it is interlocutory. As a general rule, a party is not entitled to immediately appeal an interlocutory order. However, there are twosituations in which an appeal of right lies from an order that is interlocutory. The first situation is where the order represents a "'final judgment as to one or more but fewer than all of the claims or parties' and the trial court certifies in the judgment that there is no just reason to delay the appeal." Secondly, a party may appeal an interlocutory order where delaying the appeal will irreparably impair a substantial right of the party.
 

 Hudson-Cole Dev. Corp. v. Beemer,
 

 132 N.C. App. 341
 
 , 344,
 
 511 S.E.2d 309
 
 , 311 (1999) (internal citations omitted) (emphasis added);
 
 see also
 
 N.C. Gen. Stat. § 7A-27(d)(1) (2003).
 

 The trial court did not certify the case for immediate appeal pursuant to Rule 54(b). Thus, plaintiff's right to an immediate appeal, if one exists, depends on whether the order affects a substantial right. Our Supreme Court has stated that:
 

 It is well settled that an interlocutory order affects a substantial right if the order "deprives the appealing party of a substantial right which will be lost if the order is not reviewed before a final judgment is entered." "Essentially a two-part test has developed - the right itself must be substantial and the deprivation of that substantial right must potentially work injury . . . if not corrected before appeal from final judgment."
 

 Sharpe v. Worland,
 

 351 N.C. 159
 
 , 162,
 
 522 S.E.2d 577
 
 , 579 (1999) (internal citations omitted). Here, defendant fails to show how the order affects a substantial right, citing no harm that could not be corrected upon appeal, nor any right that would be clearly lost absent immediate review. "It is not the duty of this Court to construct arguments for or find support for appellant's right to appeal from an interlocutory order."
 
 Jeffreys v. Raleigh Oaks Joint Venture,
 

 115 N.C. App. 377
 
 , 380,
 
 444 S.E.2d 252
 
 , 254 (1994). Accordingly, because there was no final judgment in this case, nor were there any substantial rights of the parties affected, we hold that this appeal is premature and therefore, dismiss it as interlocutory.
 

 Appeal dismissed.
 

 Judges HUDSON and STEELMAN concur.
 

 Report per Rule 30(e).