IN RE: D.N.
No. COA08-1013
Court of Appeals of North Carolina
Filed February 17, 2009
This case not for publication
Jeffrey L. Miller for intervenors-appellees.
Lisa Skinner Lefler for respondent-appellant.
MARTIN, Chief Judge.
Respondent father appeals from an order ceding jurisdiction over juvenile's adoption to the State of Washington. We dismiss the appeal.
Respondent father is married to D.N.'s mother. Genetic testing, however, revealed that respondent father is not the biological father of D.N. Respondent father and D.N.'s mother currently reside together in Nevada. In October of 2003, late in her pregnancy, D.N.'s mother fled to North Carolina. On 16 October 2003, the Pitt County Department of Social Services ("DSS") received a report that D.N.'s mother had tested positive for cocaine at the time of D.N.'s birth. DSS became involved with D.N. from the time of her birth, and filed a petition alleging neglect and dependency on or about 21 October 2003. D.N. was placed in nonsecure custody. In June of 2004, D.N.'s maternal grandmother filed a motion to intervene. The case came on for hearing on 3 June 2004, and the district court entered an adjudication order in which it adjudicated D.N. neglected and dependent. In the disposition order, the district court ordered custody and placement authority with DSS, but provided that DSS would work toward reunification. In a custody review order entered 23 September 2004, the district court ordered that it was in D.N.'s best interest to cease reunification efforts. In a review order entered 17 December 2004, the district court ordered custody to be awarded to D.N.'s grandmother. D.N.'s grandmother resided in Nevada.
In October 2005, D.N.'s grandmother placed D.N. in the care of non-relatives W.M. and D.M., who resided in the State of Washington. In 2007, D.N.'s grandmother pled guilty to a financial crime. D.N.'s grandmother retained legal custody of D.N., and placed D.N. in the care of non-relatives W.M. and D.M. On 15 August 2007, W.M. and D.M. filed a petition in the State of Washington to adopt D.N. On 10 October 2007, W.M. and D.M. filed a motion in this action requesting that the district court cede jurisdiction over the case to the State of Washington. On 25 March 2008, the district court entered an order in which it asserted that it held jurisdiction over the parties and subject matter, and ceded jurisdiction to the State of Washington. The district court found that D.N. has been in the State of Washington with the prospective adoptive family since 2005, that respondent father, who resides in Nevada, lives closer to the State of Washington than to North Carolina, and that North Carolina subpoenas would not compel the attendance at future hearings of witnesses who reside in the State of Washington. Respondent father entered written notice of appeal. Because respondent father has not demonstrated that he has a right to appeal the order ceding jurisdiction, we dismiss the appeal.
N.C.G.S. § 7B-1001 authorizes appeals from "a final order of the court in a juvenile matter [to] be made directly to [this Court]." N.C. Gen. Stat. § 7B-1001(a) (2008). The version of the statute in effect at the time of the filing of a juvenile petition determines whether this Court has jurisdiction to hear an appeal in that matter. In re A.R.G., 361 N.C. 392, 395, 646 S.E.2d 349, 351 (2007). As of the date of the petition in this case, the statute allowed that only the following juvenile matters could be appealed directly to this Court:
(1) Any order finding absence of jurisdiction;
(2) Any order which in effect determines the action and prevents a judgment from which appeal might be taken;
(3) Any order of disposition after an adjudication that a juvenile is abused, neglected, or dependent; or
(4) Any order modifying custodial rights.
N.C. Gen. Stat. § 7B-1001(2003).
Respondent father asserts that he has a right of appeal because the order is a "final judgment which affects a substantial right." However, the order ceding jurisdiction is not a "final order" as defined by N.C.G.S. § 7B-1001. The district court specifically found that it had jurisdiction to hear the matter. The order does not determine the outcome of the action and it is not a disposition order, nor does it modify custody. In fact, respondent father's parental rights are not affected by the transfer of jurisdiction to the State of Washington. Respondent father resides in Nevada, not North Carolina. The order merely transfers the jurisdiction over the action to the State of Washington, where D.N. now resides and where the adoption petition has been filed. Thus, the order ceding jurisdiction is not a final order and is not appealable to this Court pursuant to N.C.G.S. § 7B-1001.
Further, because the trial court did not certify the order ceding jurisdiction for immediate review pursuant to N.C. R. Civ. P. 54(b), respondent father's right to an interlocutory appeal, if one exists, depends on whether the order and judgment affects a substantial right. Hudson-Cole Dev. Corp. v. Beemer, 132 N.C. App. 341, 511 S.E.2d 309 (1999). The substantial right test is rooted in the particular facts of a case and the procedural context of the trial court's order. Waters v. Qualified Personnel, Inc., 294 N.C. 200, 208, 240 S.E.2d 338, 343 (1978). Respondent father offers no argument to support his assertion that the order ceding jurisdiction has affected a substantial right, and we decline to construct one for him. See Viar v. N.C. Dep't of Transp., 359 N.C. 400, 402, 610 S.E.2d 360, 361 (per curiam) (2005).
Dismissed. Judges WYNN and McGEE concur.
Report per Rule 30(e).