An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1057
NORTH CAROLINA COURT OF APPEALS

Filed: 15 July 2014

MARK TURNER AND JULIE WALLACE,
        Plaintiffs

v.                                      Wake County
                                        No. 12 CVD 12054
ROBERT H. AYERS AND ANN M. AYERS,
        Defendants


Appeal by plaintiffs from order entered 14 March 2013 by Judge Debra S. Sasser in Wake County District Court. Heard in the Court of Appeals 6 February 2014.

> *Michael W. Strickland & Associates, P.A., by Michael W. Strickland, for plaintiff-appellants.*

> *Graebe Hanna & Sullivan, PLLC, by Christopher T. Graebe and Mark R. Sigmon, for defendant-appellees.*


CALABRIA, Judge.


Mark Turner and Julie Wallace (collectively "plaintiffs") appeal from the trial court's order dismissing their complaint against Robert H. Ayers and Ann M. Ayers (collectively "defendants") pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (2013) for failure to state a claim upon which relief could be granted. We affirm.

According to the allegations in plaintiffs' complaint, in August 2011, plaintiffs and defendants executed an "Offer to Purchase and Contract" ("the Contract") in which plaintiffs agreed to purchase defendants' real property in Raleigh, North Carolina ("the property"). Pursuant to the terms of the contract, plaintiffs had the property professionally inspected.

The inspection identified several defects in the property. As a result, the parties entered into a "Due Diligence Request and Agreement," ("the Agreement") whereby defendants agreed to make repairs, including, *inter alia*, to "[r]emove all crawl space insulation and replace all duct work as indicated . . . ." [R p 9] However, defendants were unable to complete all repairs prior to the parties' agreed upon closing date. Consequently, the parties mutually agreed to allow defendants to complete the repairs after closing.

Plaintiffs later discovered that defendants failed to properly remove and replace the crawl space insulation as required by the Agreement. Defendants' failure to adequately remove the defective insulation resulted in mold spreading throughout the crawl space. Plaintiffs demanded that defendants remedy their deficient repairs, but defendants refused to do so.

On 28 August 2012, plaintiffs initiated an action against defendants in Wake County District Court. Plaintiffs' complaint alleged that defendants' failure to properly repair and replace the crawl space insulation constituted a breach of the Contract. On 29 October 2012, defendants filed a motion to dismiss plaintiffs' claim because the express terms of the Contract stated that by closing on the property, plaintiffs agreed to accept the property in its current condition at the time of closing.

On 12 December 2012, plaintiffs filed an amended complaint which added additional allegations that the parties had agreed prior to closing to allow defendants to finish their repairs after closing was completed. The amended complaint also included a new claim that defendants were negligent in their performance of the repairs. Defendants subsequently filed a new motion to dismiss plaintiffs' amended complaint. The trial court conducted a hearing on defendants' motion to dismiss on 1 March 2013. On 14 March 2013, the court entered an order granting defendants' motion to dismiss plaintiffs' complaint with prejudice. Plaintiffs appeal.

Plaintiffs' sole argument on appeal is that the trial court erred by dismissing their breach of contract claim.[1] Specifically, plaintiffs contend that the allegations in their complaint, when taken as true, demonstrate that the parties orally modified the Contract and that defendants breached the modified contract. We disagree.

"The motion to dismiss under N.C. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. In ruling on the motion the allegations of the complaint must be viewed as admitted, and on that basis the court must determine as a matter of law whether the allegations state a claim for which relief may be granted." *Stanback v. Stanback*, 297 N.C. 181, 185, 254 S.E.2d 611, 615 (1979) (citations omitted). "This Court must conduct a *de novo* review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." *Leary v. N.C. Forest Prods.*, Inc., 157 N.C. App. 396, 400, 580 S.E.2d 1, 4, *aff'd per curiam*, 357 N.C. 567, 597 S.E.2d 673 (2003).

In the instant case, the trial court concluded that the express terms of the Contract necessarily defeated plaintiffs'

---

[1] On appeal, plaintiffs do not challenge the trial court's dismissal of their negligence claim. Therefore, it remains undisturbed.

claim. Initially, we note that the trial court properly examined the Contract as part of its consideration of defendants' motion to dismiss because the contract was incorporated by reference into plaintiffs' complaint and attached to defendants' motion to dismiss. *See Oberlin Capital, L.P. v. Slavin*, 147 N.C. App. 52, 60, 554 S.E.2d 840, 847 (2001)("[W]hen ruling on a Rule 12(b)(6) motion, a court may properly consider documents which are the subject of a plaintiff's complaint and to which the complaint specifically refers even though they are presented by the defendant."). The Contract stated, in relevant part: "**CLOSING SHALL CONSTITUTE ACCEPTANCE OF THE PROPERTY IN ITS THEN EXISTING CONDITION UNLESS PROVISION IS OTHERWISE MADE IN WRITING.**" The trial court determined that plaintiffs, by executing this provision, could not successfully pursue a breach of contract claim based upon a defective condition of the property.

Plaintiffs do not dispute that they executed the Contract, including the provision cited by the trial court, but they claim that the provision was not binding since it was orally modified by the parties. In support of this argument, they note that our Supreme Court has held that

> [t]he provisions of a written contract may
> be modified or waived by a subsequent parol

> agreement, or by conduct which naturally and justly leads the other party to believe the provisions of the contract are modified or waived. This principle has been sustained even where the instrument provides for any modification of the contract to be in writing. . . .

*Whitehurst v. FCX Fruit and Vegetable Service*, 224 N.C. 628, 636, 32 S.E.2d 34, 39 (1944) (citations omitted).

However, while plaintiffs are correct that *Whitehurst* permits oral modification of a contract, even when the contract expressly requires modification to be in writing, their complaint still fails to establish that such a modification occurred in the instant case. As this Court has made clear, "a modification to a contract must be supported by consideration." *Sessler v. Marsh*, 144 N.C. App. 623, 634, 551 S.E.2d 160, 166-67 (2001). "Consideration consists of any benefit, right, or interest bestowed upon the promisor, or any forbearance, detriment, or loss undertaken by the promisee." *Id*. at 634, 551 S.E.2d at 167 (internal quotations and citations omitted). Plaintiffs' complaint merely alleges that the parties agreed to allow defendants more time to complete repairs which defendants had already agreed to perform. There are no allegations that suggest that this oral agreement provided any additional benefit to defendants or any "forbearance, detriment, or loss" to

plaintiffs. *Id.* Consequently, plaintiffs cannot rely upon an oral modification of the Contract to support their breach of contract claim.

Since plaintiffs proceeded to closing, they agreed to accept the property in its current condition under the express terms of the Contract. Pursuant to the Contract, they could not thereafter claim that defendants' repairs to the property were inadequate. Thus, the trial court properly concluded that plaintiffs' complaint failed to state a valid claim for breach of contract. The trial court's order is affirmed.

Affirmed.

Judges STROUD and DAVIS concur.

Report per Rule 30(e).